IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Javier Yapan and Carmelo Martinez, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11 C 5812 |
| | ) | |
| Marvin Holding Company, d/b/a | ) | |
| Marvin Envelopes and Marvin | ) | |
| Envelopes and Paper, Lists & Letters | ) | |
| Holding Company, Lists & Letters | ) | |
| Inc., and Jose Garza, individually, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

Plaintiffs Javier Yapan and Carmelo Martinez allege that defendants

Marvin Holding Company d/b/a Marvin Envelopes and Marvin Envelope & Paper;

Lists & Letters Holding Company; Lists and Letters, Inc.; and Jose Garza violated

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by dividing plaintiffs' hours

among the various related entities in order to evade paying overtime. It is also alleged that defendants failed to credit plaintiffs for all hours worked.[1]

Initially, defendants were represented by counsel. After substantial discovery and the issuance of an opt-in notice that did not result in any additional plaintiffs joining the FLSA claims, the parties engaged in substantial settlement discussions but were unable to reach a resolution. With defendants consent, their counsel withdrew from the case. Individual defendant Garza then proceeded *pro se*. While he could not represent the other defendants, any successful arguments that he made that would have appropriately applied to the other defendants as well would have been so applied. In August 2013, plaintiffs moved for summary judgment. As required by Seventh Circuit precedent and Local Rule 56.2, *pro se* Garza was provided notice as to how to respond to a summary judgment motion. Garza represented that he would either retain new counsel or respond to the motion on his own. After extensions of time were granted, new counsel was retained for all defendants and a further extension was granted. Less than a month later, counsel discovered the existence of a conflict of interest and

---

[1]Plaintiffs also base their claim on state law. The state law claims will be dismissed without prejudice since not relied upon in moving for summary judgment.

counsel's motion to withdraw was granted without any opposition from defendants. On the same date that the motion to withdraw was presented, plaintiffs presented a motion to grant the summary judgment motion based on defendants continued failure to file any response. Garza did not appear at the hearing. The motion to withdraw was granted and plaintiffs' motions were taken under advisement.

It is inappropriate to grant summary judgment solely based on a nonmovant's failure to respond. Therefore, plaintiffs' recent motion for the entry of judgment will be denied without prejudice. Instead, the merits of the summary judgment motion will be addressed. The facts stated in plaintiffs' Local Rule 56.1 statement will be deemed to be admitted, but it still must be determined whether those facts support judgment as a matter of law. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Warren-Gall v. Adventist Health Sys.*, 2011 WL 5299301 *1 (N.D. Ill. Oct. 31, 2011); *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 784 (N.D. Ill. 2007).[2]

---

[2]To the extent Garza and/or any other defendant desires to attempt to belatedly respond to the summary judgment motion, he or it must move for reconsideration within the 28 days permitted by Fed. R. Civ. P. 59(e) and accompany that motion with the proposed answer brief and factual responses.

The facts taken as true for purposes of ruling on plaintiffs' motion for summary judgment are as follows. Defendant Garza is the owner of Marvin Holding Company ("Marvin Holding") which is in the printing and paper business. Marvin Holding held itself out to the public and did business as Marvin Envelopes; Marvin Envelope & Paper; Lists & Letters Holding Company; and Lists and Letters, Inc. All of these entities operated out of the same location.

From 2007 to June 2010 plaintiff, Yapan worked for defendants as a press operator. His wages were $19.00 per hour. Yapan generally worked for Marvin Holding. However, during weeks in which he worked more than 40 hours, some of his time would be designated as work for "Lists & Letters." He did the same work for both companies, was supervised by Garza regardless of which company he worked for, and Garza determined which company the work would be performed. Yapan would only be paid regular time based on not working more than 40 hours for either Marvin Holding or Lists & Letters regardless of whether the combined time exceeded 40 hours. Treating work as being for a single entity, a reasonable estimate of the number of hours for which Yapan was not paid overtime during the pertinent time period is 344 hours. Yapan has also made reasonable estimates of the amount of hours that were unrecorded for either

company and has also made a reasonable estimate of the number of hours he worked through his lunch period and was uncompensated. The estimated amount of unpaid overtime is $25,572.10.

From 2008 through 2010, plaintiff Martinez worked for defendants as a press operator. His wages were $14.00 per hour. However, during weeks in which he worked more than 40 hours, some of his time would be designated as work for "Lists & Letters." He did the same work for both companies, was supervised by Garza regardless of which company he worked for, and Garza determined which company the work would be performed. Martinez would only be paid regular time based on not working more than 40 hours for either Marvin Holding or Lists & Letters even when the combined time exceeded 40 hours. Treating work as being for a single entity, a reasonable estimate of the number of hours for which Martinez was not paid overtime during the pertinent time period is 1505 hours. Martinez has also made a reasonable estimate of the number of hours he worked through his lunch period and was uncompensated. The estimated amount of unpaid overtime is $10,535.00.

Regarding joint employment, applicable regulations provide:

(a) A single individual may stand in the relation of an employee to two or more employers at the same time under

the Fair Labor Standards Act of 1938, since there is nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer.  A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case.  If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under the Act.  On the other hand, if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act.  In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek.  In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers.

(b) Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

(1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or

(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2.

The facts assumed to be true for purposes of summary judgment support that all defendants, including Garza individually, exercised control over plaintiffs working conditions and were each plaintiff's joint employers. *See id.*; ***Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.***, 536 F.3d 640, 643-44 (7th Cir. 2008); ***Perez v. Sol Azteca Mexican Restaurant, Inc.***, 2013 WL 6406088 *2-3 (C.D. Ill. Dec. 6, 2013).

Each plaintiffs' manner of reconstructing and estimating his hours is reasonable and acceptable. *See **Anderson v. Mt. Clemens Pottery Co.***, 328 U.S. 680, 686-88 (1946); ***Driver v. AppleIllinois, LLC***, 2013 WL 5818899 *6-8 (N.D. Ill. Oct. 29, 2013), *leave to appeal denied*, 2014 WL 130481 (7th Cir.

Jan. 15, 2014).  The award of damages will be based on the estimates provided by plaintiffs.

A three-year statute of limitations applies if the violation was willful. 29 U.S.C. § 255(a).  An FLSA violation is willful if the defendant knows it is committing a violation or acts in reckless disregard of an FLSA prohibition. *Sylvester v. Wintrust Fin. Corp.*, 2013 WL 5433593 *5 (N.D. Ill. Sept. 30, 2013); *Caraballo v. City of Chicago*, 2013 WL 4552255 *13 (N.D. Ill. Aug. 27, 2013).  It is a reasonable inference that consistently assigning extra hours to a separate payroll was a conscious decision to disregard the applicable statutory provision. Willfulness has been established and the three-year limitation period will be applied.

The FLSA provides for liquidated damages that double the actual amount of damages.  29 U.S.C. §216(b).  Liquidated damages are presumed to apply for FLSA violations unless the employer meets its burden of showing that it or he acted in good faith.  *Urnikis-Negro v. Am. Family Prop. Serv.*, 616 F.3d 665, 672 (7th Cir. 2010); *McKinney v. Med Group Transp. LLC*, 2013 WL 6709007 *9 (E.D. Wis. Dec. 18, 2013).  Having failed to respond to the summary

judgment motion, defendants have made no such showing. Liquidated damages will be awarded.

Plaintiffs note that they may seek attorney fees as provided in 29 U.S.C. § 216(b). Any motion for fees and/or bill of costs shall be filed within 45 days of the entry of judgment.[3] Plaintiffs will not be required to comply with the provisions of Local Rule 54.3(d)-(f).

If defendant Garza wishes to appeal today's ruling, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. *See* Fed. R. App. P. 4(a)(1)(A). Garza cannot represent the other defendants. If acting *pro se*, he can only file a notice of appeal on behalf of himself. Any notice of appeal filed on behalf of the other defendants must be filed by an attorney who has filed an appearance on their behalf.

IT IS THEREFORE ORDERED that plaintiffs' motion requesting that summary judgment be granted based on default [71] is denied without prejudice.

---

[3]If a Rule 59(e) motion for reconsideration is filed, the time limit will be extended to 14 days after entry of the ruling on such a motion.

On the merits, plaintiffs' motion for summary judgment [56] is granted. The Clerk

of the Court is directed to enter judgment on plaintiffs' federal cause of action in

favor of plaintiffs and against all defendants severally and jointly awarding

plaintiff Javier Yapan $51,144.20 and plaintiff Carmelo Martinez $21,070.00.

The state law cause of action is dismissed without prejudice. Any motion for

attorney fees and/or bill of costs shall be filed within 45 days of the entry of

judgment.


ENTER:


_____
UNITED STATES DISTRICT JUDGE


DATED: JANUARY 22, 2014