

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Javier Yapan and Carmelo Martinez, )
                                                   Plaintiffs, )
)
v. ) No. 11 C 5812
)
Marvin Holding Company, d/b/a )
Marvin Envelopes and Marvin )
Envelopes and Paper, Lists & Letters )
Holding Company, Lists & Letters )
Inc., and Jose Garza, individually, )
)
                                                   Defendants. )

## **OPINION AND ORDER**

On January 22, 2014, judgment was entered in plaintiffs' favor against all defendants on plaintiffs' claims of Fair Labor Standards Act violations. This was following the grant of plaintiffs' motion for summary judgment. *See Yapan v. Marvin Holding Co.*, 2014 WL 242839 (N.D. Ill. Jan. 22, 2014). *Pro se* defendant Jose Garza has moved for reconsideration.

Defendants were represented by counsel from when they first responded to the Complaint in October 2011 until, without objection from Garza (who is also

the principal of the defendant business entities), counsel withdrew in May 2013. Defendants were thereafter given an opportunity to retain new counsel. After two extensions and defendants' failure to appear at one status, a date was set for plaintiffs to file a summary judgment motion. After extensions were granted to plaintiffs, they filed their summary judgment motion on August 8, 2013 and presented it on August 15. Defendants failed to appear on that date so the motion was continued to September 12, 2013. Garza appeared on that date and defendants were granted until October 17, 2013 to respond to summary judgment. In the meantime, they could continue to seek to retain counsel. Garza was advised that he could only represent himself, but any arguments made on his behalf that applied equally to the other defendants would be applied to all defendants. On October 17, Garza appeared at a status hearing and represented that he still had not received a copy of plaintiffs' motion, so plaintiffs were directed to again provide a copy and defendants were granted until November 29, 2013 to respond to the summary judgment motion, which also provided them with further time to retain counsel. Plaintiffs' certificate of service establishes that a copy of the summary judgment motion was served on defendants on October 17, 2013. On November 27, 2013, new counsel filed an appearance on defendants' behalf and

the time for responding to summary judgment was extended to December 20, 2013. New counsel, however, soon discovered she had a conflict of interest and had to withdraw. On January 9, 2014, plaintiffs' motion to grant summary judgment based on the continued failure of defendants to respond was taken under advisement. On January 22, 2014, no further motion having been filed by defendants, the summary judgment motion was granted on the merits without defendants having filed a response to it. In the ruling, defendants were advised that they could move for reconsideration within the 28 days permitted under Fed. R. Civ. P. 59(e) and that any such motion should be accompanied by a proposed response to the summary judgment motion. *See Marvin Holding*, 2014 WL 242839 at *1 n.2. Garza was also expressly advised that he could not represent the other defendants. *See id.* at *3.

On February 21, 2014, more than 28 days after the entry of judgment, Garza moved for reconsideration. No proposed response to summary judgment is provided. No affidavit, declaration, or other evidence that may be considered on summary judgment is presented with the motion. Garza does assert in the motion that plaintiffs supplied "fraudulent time cards," "are not entitled to overtime . . . due to the fact they were paid 30 minutes per day for lunch and did not qualify for

40 hours of work . . . [and] due to the fact they were not authorized to work additional time. Authorized time cards are initialed by their supervisor." Garza also states: "Defendant will produce witnesses that will verify above facts. We would also ask Yapan and Martinez to produce cell phone records for the time period in question." Additionally, it is represented that Garza did not receive a copy of the summary judgment ruling until February 10, 2014.

The 28 days to seek reconsideration pursuant to Fed. R. Civ. P. 59(e) expired on February 19, 2014. Garza did not file his motion until two days later. The time for seeking reconsideration under Fed. R. Civ. P. 59(e) is jurisdictional and may not be extended. Fed. R. Civ. P. 6(b)(2); *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 663-64 (7th Cir. 2012); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582-83 (7th Cir. 2012). Any motion for reconsideration filed after the Rule 59(e) time limit must be construed as a motion pursuant to Fed. R. Civ. P. 60(b). See *Williams v. Illinois*, 737 F.3d 473, 475-76 (7th Cir. 2013); *Justice*, 682 F.3d at 665; *Blue*, 676 F.3d at 583. Relief under Rule 60(b) requires extraordinary circumstances. *Justice*, 682 F.3d at 665; *Blue*, 676 F.3d at 585.

There are no extraordinary circumstances. Whether viewed as a Rule 60(b)(1) motion based on excusable neglect or one pursuant to the catchall

provision of Rule 60(b)(6), plaintiff receiving the summary judgment ruling with nine days left to file a timely Rule 59(e) motion does not excuse waiting to seek reconsideration until after the time had expired. Moreover, although Garza had been in possession of the summary judgment motion for more than four months, if not substantially longer, he still did not accompany the motion to reconsider with a response to the summary judgment motion. Even if timely, the motion to reconsider would be denied on its merits.

Since the reconsideration motion is a Rule 60(b) motion, not a Rule 59(e) motion, it did not extend the time for filing a notice of appeal. The time for filing a notice of appeal has run, but may still be extended to March 24 (30 days after 30 days after the entry of judgment). Since there was delay in defendant Garza receiving notice of the summary judgment ruling and an apparent misunderstanding by a *pro se* regarding the filing of a Rule 59(e) motion, the time for filing a notice of appeal from the January 22, 2014 judgment will be extended for all defendants. Garza, however, is again reminded that he cannot personally file a notice of appeal on behalf of the business entities. Counsel must be retained if those parties desire to appeal. An appeal from today's denial of reconsideration may be filed within 30 days after the entry of today's order. As *pro se* defendant

was previously advised, an appeal is taken by timely filing a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604. *See* Fed. R. App. P. 4(a)(1)(A).

IT IS THEREFORE ORDERED that defendant's motion for reconsideration [76] is denied. The time for filing a notice of appeal from the January 22, 2014 judgment is extended to March 24, 2014.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 17, 2014