IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Javier Yapan and Carmelo Martinez, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Marvin Holding Company, d/b/a ) <br> Marvin Envelopes and Marvin ) <br> Envelopes and Paper, Lists & Letters ) <br> Holding Company, Lists & Letters ) <br> Inc., and Jose Garza, individually, ) <br> ) <br> Defendants. ) | No. 11 C 5812 |

## **OPINION AND ORDER**

On January 22, 2014, judgment was entered in plaintiffs' favor against all defendants on plaintiffs' claims of Fair Labor Standards Act violations. This was following the grant of plaintiffs' motion for summary judgment. *See* ***Yapan v. Marvin Holding Co.***, 2014 WL 242839 (N.D. Ill. Jan. 22, 2014). In that ruling, it was stated: "Any motion for fees and/or bill of costs shall be filed within 45 days of the entry of judgment. Plaintiffs will not be required to comply with the provisions of Local Rule 54.3(d)–(f)." ***Id.*** at *3. In a footnote, it was further

stated: "If a Rule 59(e) motion for reconsideration is filed, the time limit will be extended to 14 days after entry of the ruling on such a motion." *Id.* at *3 n.3. Forty-five days after January 22, 2014 was Saturday March 8, 2014, making the due date for the fee motion Monday March 10, 2014. The ruling also included an instruction to the *pro se* defendant that any Rule 59(e) motion for reconsideration had to be filed within 28 days. *Id.* at *1 n.2. Twenty-eight days after the entry of judgment was February 19, 2014.

On February 21, 2014, beyond the deadline for a Rule 59(e) motion, the *pro se* defendant moved for reconsideration. On March 3, plaintiffs filed a response to the motion arguing that it was untimely under Rule 59(e) and failed to raise any grounds appropriate for a Rule 59(e) motion. On March 13, the reconsideration motion was presented in court and taken under advisement. At that hearing, plaintiffs did not request an extension of time to file their fee motion. On March 17, 2014 this court issued a ruling denying reconsideration. *See* **Yapan v. Marvin Holding Co.**, 2014 WL 1088987 (N.D. Ill. March 17, 2014). It was expressly held that, because filed more than 28 days after the entry of judgment, the motion was not pursuant to Rule 59(e), and instead was construed as

a Rule 60(b) motion for reconsideration.  *Id.* at *1.  The Order denying reconsideration was entered on the docket on March 18, 2014.

On March 31, 2014, plaintiffs filed their motion for fees and costs.  Plaintiffs do not request an extension of time.  In their motion, they contend the motion is timely because filed within 14 days after the March 17 denial of reconsideration.  In their motion, they describe the January 22 Order as requiring the motion be filed within 14 days after entry of an order denying reconsideration, omitting that the January 22 Order expressly referred to a Rule 59(e) motion for reconsideration.[1]  A briefing schedule was set on the motion.  On the date defendants' response was due, defendant Garza filed four separate letters, one regarding each of the named defendants.  Each letter states:  "All assets of [defendant] have a judgment and Lien by the following parties:" and then lists two to three entities or persons.

Since defendant filed a Rule 60(b) motion for reconsideration, not a Rule 59(e) motion for reconsideration, the deadline for filing a fee motion and bill of costs was not extended beyond the original 45 days after the entry of the January 22, 2014 judgment.  The fee deadline, though, is not jurisdictional.

---

[1] Plaintiffs also ignore that the March 17 Order was actually entered on March 18, making 14 days later April 1, 2014.

*Crue v. Aiken*, 370 F.3d 668, 681 (7th Cir. 2004). To the extent appropriate, this court could *sua sponte* extend the deadline.² *See* N.D. Ill. Loc. R. 54.3(g) (last sentence). This case, however, is not appropriate for granting an extension.

"Excusable neglect" will support the grant of an extension of time. Fed. R. Civ. P. 6(b); *Crue*, 370 F.3d at 680-81; *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008). This includes "some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.'" *Lewis*, 523 F.3d at 740 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 388 (1993)). The Seventh Circuit has "cautioned, however, that 'a simple case of miscalculation' of a deadline generally is 'not a sufficient reason to extend time.'" *Lewis*, 523 F.3d at 740 (quoting *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)). *Crue* apparently reaches the limits of that exception. *See Lewis*, 523 F.3d at 740. In *Lewis*, 523 F.3d at 740 (quoting *Prizevoits v. Ind. Bell Tele. Co.*, 76 F.3d 132, 134 (7th Cir.1996)), the Seventh Circuit "distinguished between an inexplicable failure to read the rules and 'plausible misinterpretations of ambiguous rules.'" In *Crue*, 370 F.3d at 681, the Seventh stated: "In determining whether a late filing is the

---

²Plaintiffs' contentions regarding timeliness could also be construed as implicitly requesting, as an alternative, that the deadline be extended.

result of excusable neglect, the district court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." Considering those factors, the Seventh Circuit held the district court did not abuse its discretion in granting an extension of time when the filing date was missed by one day due to a calculation error, there was no delay in the proceeding, no prejudice to the other side, and no indication of bad faith. *Id.* at 680-81.

In the present case, there was no misunderstanding as to the characterization of defendant's reconsideration motion. On March 3, with a week still remaining to file a motion for fees and costs, plaintiffs expressly argued that defendant's motion was untimely under Rule 59(e). The ruling denying reconsideration did not come until after the March 10 fee deadline, but it also expressly stated that the reconsideration motion was pursuant to Rule 60(b), not Rule 59(e). Nevertheless, plaintiffs still waited almost another two weeks to file their fee motion and argued it was still timely even though no Rule 59(e) motion had been filed. Plaintiffs have never contended that they needed any additional time to complete the motion. At most, they twice failed to carefully read the January 22 Order to notice that the court referred only to granting more time based

on the filing of a Rule 59(e) motion, not just any motion for reconsideration. No excusable neglect exists to grant an extension of time.

The motion for fees and costs will be denied. No opinion is expressed regarding whether the amount of hours or hourly rates are reasonable nor whether the amounts claimed are adequately supported.

IT IS THEREFORE ORDERED that plaintiffs' motion for attorney fees and costs [84] is denied.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: MAY 29, 2014